This matter comes before me on the return of an order to show cause why a preliminary injunction should not issue pending final hearing.
The bill and affidavits of the complainant allege that Richard Ulram is the lessee of certain premises at 101 Railroad avenue, Jersey City. Ulram has equipped the building on said premises with a number of barber chairs and apparatus necessary for conducting a barber business. Ulram is not a barber. It appears that Ulram entered into an agreement with Max O. Gutsche on August 10th, 1937, whereby the complainant agreed to supply the necessary hot water, heat, barber supplies, soap, tonic, witch hazel, c., and light, power, cash register, machines, hair brushes and other necessary equipment for the conduct and operation of a barber shop. Max O. Gutsche agreed to operate said barber shop with the equipment and to pay to the complainant forty per cent. of the earnings at the close of each business day; said forty per cent. was to be the total rental for the use of the chair and equipment. The said Gutsche was to fix the price which customers should be required to pay provided they were not different from the prices charged by other barbers who might rent from the party of the first part, other chairs and equipment in the same building.
I understand from the affidavits that there were two other barbers under similar agreements prior to the making of the agreement above referred to. These barbers, however, have vacated the premises leaving the said Gutsche the only barber conducting the barber shop. Gutsche employs no helpers or assistants. The defendants claim that this agreement is a subterfuge and that Gutsche, as a matter of fact, is an employe of the complainant. The defendant union held a *Page 466 
meeting on June 15th last, and adopted a resolution to obtain agreements with master barbers providing for a minimum wage of $25 per week for assistants and helpers. The defendant union claims that it has a right to picket the premises of complainant because he has refused to pay Gutsche a minimum wage of $25 per week. There is no dispute between Gutsche and complainant. Two of the other barbers who formerly operated chairs claim, as I understand, that the complainant should agree with them that their minimum rate under their agreement should be $25 per week.
The most that can be said of the agreement between the complainant and the barbers who operate chairs in the premises leased by him, is that it might be considered a joint venture or a lease on shares. If either of these relations exist there is no relation of employer and employe.
Under such circumstances it seems to me that the defendants should be restrained from picketing the premises of the complainant pending the final hearing of this matter. *Page 467